Pfeifer, J.,
dissenting.
{¶ 40} I dissent from this court’s decision to deny the requested writ of mandamus.
{¶ 41} Today, the majority opinion denies the writ of mandamus based on the expiration of the applicable statute of limitations. I dissent because there has been a continuous violation, which tolls the running of the statute of limitations.
{¶ 42} The United States Court of Appeals for the Sixth Circuit has recognized a continuous-violation doctrine that tolls the running of the statute of limitations. See Hensley v. Columbus (C.A.6, 2009), 557 F.3d 693, 697. The majority opinion correctly notes that “courts have been extremely reluctant to apply this doctrine outside the context of Title VII,” LRL Properties v. Portage Metro Hous. Auth. (C.A.6, 1995), 55 F.3d 1097, 1105, fn. 3, but without acknowledging that “[n]o opinion has articulated a principled reason why the continuing-violation doctrine *458 should be limited to claims for deprivations of civil rights and employment discrimination.” Natl. Parks Conservation Assn., Inc. v. Tennessee Valley Auth. (C.A.6, 2007), 480 F.3d 410, 416-417. I would apply the continuing-violation doctrine in this case. See Kuhnle Bros., Inc. v. Geauga Cty. (C.A.6, 1997), 103 F.3d 516 (discussing continuing-violation doctrine in case involving takings claim and due-process claims for deprivations of liberty and property).
{¶ 43} A “ ‘continuous violation’ exists if: (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided.” Hensley, 557 F.3d at 697.
{¶ 44} The evidence establishes that wrongful conduct has continued beyond the 2003 date when the recreational trail was opened to the public. For example, in 2005, Erie MetroParks installed permanent wooden benches on the properties of relators the Charville trusts and the Steiners and constructed a car turnaround on the Charville trusts’ property; since November 2007, the park district has mowed, driven vehicles over, removed debris from, and otherwise exercised dominion and control over the portions of the trail on relators’ properties; the park district installed a bulletin board and a sign on relator Meyer’s property and signs on relators the Steiners’ property; the park district has also applied herbicide on the trail to control weeds, which has harmed relator Hildebrand’s organic produce farm; in 2008, the park district went through relators the Nickolis’ property and removed trees that had fallen across part of the trail; also in 2008, the park district destroyed barricades erected by relator Johnston on her property; and in April 2009, the park district reopened the recreational trail on the Charville trusts’ and Hildebrand’s properties. It is beyond dispute that Erie MetroParks and its board of commissioners continue to exercise dominion and control over the portions of the trail on relators’ private properties and continue to preclude relators from exercising control over those portions.
{¶ 45} Second, as the previous examples establish, injury to relators continued to accrue after the recreational trail was opened to the public.
{¶ 46} Third, if the park district and its board of commissioners ceased exercising control and stopped public use of the portion of the recreational trail on relators’ property, further injury to relators could be avoided.
{¶ 47} The majority erroneously relies on Ohio Midland, Inc. v. Ohio Dept. of Transp. (C.A.6, 2008), 286 Fed.Appx. 905, and Broom v. Strickland (C.A.6, 2009), 579 F.3d 553, to hold that the continuing-violation doctrine is inapplicable here. In Midland, 286 Fed.Appx. at 912-913, the court emphasized that its refusal to compel the Ohio Department of Transportation to rebuild a bridge ramp was based on the fact that one alleged constitutional violation had occurred rather than “a series of repeated constitutional violations.” In Broom, 579 F.3d at 555- *459 556, the inmate challenged the state’s adoption of the lethal-injection protocol in death-penalty cases rather than continual unlawful acts. In contrast to these cases, relators have established that the park district and its board of commissioners have engaged in a series of discrete acts that have damaged relators’ property in new and different ways than the opening of the trail to the public in 2003. Despite the various acts of wrongful conduct described above, the majority opinion concludes that “the claimed interference with relators’ property rights emanate from one event — Erie MetroParks’ construction of the recreational trail.” (Emphasis sic.) That conclusion is not supported by the record.
Vorys, Sater, Seymour & Pease, L.L.P., Bruce L. Ingram, Joseph R. Miller, and Thomas H. Fusonie, for relators.
Porter, Wright, Morris & Arthur, L.L.P., and Thomas A. Young; and Tomino & Latchney, L.L.C., and John D. Latchney, for respondents.
{¶ 48} We have held that when a trespass is continuing rather than permanent, the expiration of the statute of limitations is tolled. Sexton v. Mason, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, ¶ 45, 54. A defendant’s ongoing conduct or retention of control is dispositive. Id. at ¶ 45. Here, the park district continues to exercise ongoing control over relators’ property by maintaining the recreational trail, which indicates that the statute of limitations should be tolled.
{¶ 49} Applying a continuing-violations rule to toll the running of the statute of limitations would not render R.C. 2305.09(E) meaningless, as Erie MetroParks argues, because the statute would still apply in certain situations. For example, when a taking is temporary or has been completed, the limitations period of R.C. 2305.09(E) would not be tolled even under the continuing-violations doctrine. See, e.g., Hensley, 557 F.3d at 697-698.
{¶ 50} I conclude that R.C. 2305.09(E) does not bar relators’ mandamus action. This court has long acknowledged that property rights “are among the most revered in our law and traditions” and “must be trod upon lightly, no matter how great the weight of other forces.” See Norwood v. Horney, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 34 and 38, and cases cited therein. By ignoring this precedent here, the majority unfairly eviscerates these rights.
{¶ 51} Because relators have established that the board of park commissioners has taken their private property for public use as a recreational trial, they are entitled to a writ of mandamus to compel Erie MetroParks and its board to commence appropriations proceedings to compensate them for the taking. Because the majority does not so hold, I dissent.